IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY C. EATON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| ENVISTA FORENSICS, LLC | ) | Judge: |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, JEFFREY C. EATON ("Eaton"), by and through his attorney, Joshua M. Feagans of GRIFFIN | WILLIAMS, LLP, hereby complains of and against Defendant, ENVISTA FORENSICS, LLC ("Envista"), as follows:

### Summary of the Case

1. This civil action is brought by Eaton who seeks redress for the violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL").

### Parties

2. Plaintiff, Eaton is an individual who resides in Hanover Park, Illinois.

3. Defendant, Envista is a limited liability company with a principal place of business located at 5565 Glenridge Connection, Suite 900, Atlanta, Georgia 30342, and as such, is a citizen of the State of Georgia.

4. Defendant, Envista is an international, multi-disciplinary consulting firm that provides forensic engineering and failure analysis, equipment loss consulting, hardware/software failure

analysis, digital forensics, expert witness and litigation support, and equipment restoration services, principally for insurance and legal industry clients.

5. Defendant, Envista, is an "enterprise" as defined by Section 203(r)(1) of the FLSA.

6. Envista is an enterprise engaged in commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

7. During the last three years, Envista's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes.

8. Envista was Eaton's "employer" as defined by the FLSA and IMWL.

9. Eaton was Envista's "employee" as defined by the FLSA and IMWL.

## Jurisdiction and Venue

10. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1337 and 1367.

11. Venue is proper in this District under 18 U.S.C. § 1391 because a substantial part of the events or omission giving rise to the claim occurred in Deerfield, Illinois and because Envista conducts business in this District.

## Factual Background

12. Eaton was employed by Envista in Illinois from on or about August 31, 2015 through on or about March 7, 2018 as a Senior Fire Consultant.

13. As a Senior Fire Consultant, Eaton was responsible for investigating fires and explosions.

14. In performing his duties, Eaton did not report to Envista's offices in Georgia. Instead, Eaton reported to Envista's office located at 111 Deer Lake Road, Suite 100, Deerfield, IL 60015 and frequently traveled to work sites from his home office.

15. During the course of Eaton's employment, Envista directed Eaton to work in excess of 40 hours in individual work weeks and Eaton did customarily work in excess of 40 hours in individual

work weeks. Eaton was not compensated for all time worked in excess of 40 hours in individual work weeks.

16. During a typical work week, Eaton worked Monday through Friday from 6:00 a.m. to 5:00 p.m. However, during active investigations, Eaton would regularly work late into each evening and weekends.

17. Eaton was not exempt from the overtime provisions of the FLSA and IMWL.

### Count I – FLSA

18. The allegations of Paragraphs 1 through 17 are realleged as though fully set forth herein.

19. Under the FLSA, Eaton was entitled to be paid compensation for work performed by him in excess of 40 hours per week.

20. Envista failed to compensate Eaton for work performed by him in excess of 40 hours per week.

21. Upon information and belief, Envista's practices with respect to Eaton were not based on Envista's review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

22. Due to Envista's violation of the FLSA, Eaton is entitled to recover from Defendant his unpaid compensation, liquated damages, prejudgment interest, reasonable attorneys' fees, and the costs of this action.

WHEREFORE, JEFFREY C. EATON respectfully requests that judgment be entered in his favor and against ENVISTA FORENSICS, LLC for a sum that will properly, adequately and completely compensate him for the nature, extent and duration of his damages, the costs of this action, and provides as follows:

a. Declaratory judgment that Defendant willfully violated the overtime provisions of the FLSA;

b. An award of actual damages in the amount of unpaid overtime wages required by the FLSA;

c. An award of liquidated damages equal to Plaintiff's unpaid overtime compensation pursuant to the FLSA;

d. An award of prejudgment interest;

e. An award of Plaintiff's reasonable attorneys' fees as well as costs of this action; and

f. Any other relief that this Court deems necessary and proper.

## Count II-IMWL

23. The allegations of Paragraphs 1 through 22 are realleged as though fully set forth herein.

24. Under the IMWL, Eaton was entitled to be paid compensation for work performed by him in excess of 40 hours per week.

25. Envista failed to compensate Eaton for work performed by him in excess of 40 hours per week.

26. Envista willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees.

27. Due to Envista's violation of the IMWL, Eaton is entitled to recover from Defendant his unpaid compensation, statutory penalties, reasonable attorneys' fees and the costs of this action.

WHEREFORE, JEFFREY C. EATON respectfully requests that judgment be entered in his favor and against ENVISTA FORENSICS, LLC for a sum that will properly, adequately and

completely compensate him for the nature, extent and duration of his damages, the costs of this action, and provides as follows:

    a.    Declaratory judgment that Defendant violated the overtime provisions of the IMWL;

    b.    An award of actual damages in the amount of unpaid overtime wages;

    c.    An award of statutory damages as provided by the IMWL;

    d.    An award of Plaintiff's reasonable attorneys' fees as well as costs of this action; and

    e.    Any other relief that this Court deems necessary and proper.

## **DEMAND FOR JURY TRIAL**

Eaton demands a trial by jury on all issues so triable.

Respectfully Submitted,

JEFFREY C. EATON,

By: /s/ Joshua M. Feagans
One of His Attorneys

Joshua M. Feagans, Esq. / 6286141
Griffin|Williams LLP
21 North Fourth Street
Geneva, IL 60134
Phe: (630) 524-2563
Fax: (630) 262-0644
E-Mail: jfeagans@gwllplaw.com